```
               UNITED STATES DISTRICT COURT FOR THE
                WESTERN DISTRICT OF NORTH CAROLINA
                       ASHEVILLE DIVISION
                        1:06CV223-MU-02
```

```
RANDALL SALTERS,                )
     Plaintiff,                 )
                                )
          v.                    )           O R D E R
                                )
DEBORAH R. CARRINGTON, Execu-   )
  tive Secretary of the Judi-   )
  cial Standards Commission     )
  for the State of North Caro-  )
  lina;                         )
THE HONORABLE SHIRLEY H.        )
  BROWN, Twenty-eighth Judi-    )
  cial District; and            )
THE HONORABLE CLAUDE S. SITTON  )
  Twenty-eighth Judicial Dis-   )
  trict,                        )
     Defendants.                )
_____)
```

**THIS MATTER** comes before the Court on the plaintiff's form-civil rights Complaint under 42 U.S.C. §1983, filed July 26, 2006. For the reasons stated herein, the plaintiff's action will be dismissed in its entirety.

As best as can be understood, the plaintiff has brought this action to challenge the conduct of Judges Brown and Sitton, who presided over his criminal proceedings, and to challenge Ms. Carrington's purported handling of his judicial complaint against the two judges. In particular, the plaintiff complains that during his criminal proceedings in and around December 1997, the

defendant's made certain adverse rulings which violated his constitutional rights. Furthermore, the plaintiff complains that in 2002, Ms. Carrington exceeded her authority when she rejected a complaint which he filed against the two judges at the North Carolina Judicial Commission. As is obvious from the foregoing, however, the plaintiff is not entitled to any relief on these claims.

First, as to the judges, inasmuch as the plaintiff is complaining about conduct which they engaged in within the scope of their judicial authority, these defendants are entitled to judicial immunity from the plaintiff's claims. That is, "[i]t has long been settled that a judge is absolutely immune from a claim for damages arising out of his [or her] judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985), citing Bradley v. Fisher, 80 U.S. 335 (1872); and Stump v. Sparkman, 435 U.S. 349 (1978).

Moreover, to the extent that the plaintiff is seeking, among other relief, a damage award in the sum of "1.2 million dollars" for alleged constitutional violations which necessarily would implicate the validity of his criminal convictions, such attempt must fail. To be sure, in the absence of any proof that his convictions have been reversed, expunged, declared invalid by a tribunal which has the authority to make such a determination, or have otherwise been called into question by the issuance of a federal writ of habeas corpus in his favor, these claims may not

even be raised.  Heck v. Humphrey, 512 U.S. 477 (1994).

Second, as to the claim against Ms. Carrington, the plaintiff has failed to demonstrate a violation of his constitutional rights. In other words, criminal defendants simply do not have any constitutional right to agency investigations of the judicial officers who preside over their proceedings.  Therefore, even assuming that Ms. Carrington did, somehow, exceed the scope of her authority in connection with her handling of the plaintiff's complaint, such fact does not give rise to a federal cause of action.

Finally, the plaintiff's Complaint indicates that all of the matters about which he is complaining occurred more than three years ago.  Consequently, even if the plaintiff had set forth valid claims for relief, the same would be barred by the 3-year statute of limitations which is applicable to §1983 civil rights actions.  See generally Wilson v. Garcia, 471 U.S. 261 (1985) (noting that for statute of limitations purposes, §1983 actions typically are construed as personal injury actions); and N.C.Gen.Stat. §§1-52(13) (setting forth 3-year limitations period for action alleging trespass by a public officer committed under color of law).

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED**, ultimately for the plaintiff's failure to state a claim upon which relief can be granted.  28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: August 1, 2006

Graham C. Mullen
United States District Judge